**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| **DARYL MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 09-2179-STA-dkv** |
| | ) | |
| **WELLS FARGO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
---

Before the Court Defendant Wells Fargo's Motion for Summary Judgment (D.E. # 11) filed on August 24, 2009. The Court directed Plaintiff to file a response to the Motion on or before November 20, 2009. To date Plaintiff has failed to respond. For the reasons set forth below, the Motion is **GRANTED**. However, Defendant's request for Rule 11 sanctions against Plaintiff alone is **DENIED**.

### BACKGROUND

In light of Plaintiff's failure to respond to Defendant's Motion, the following facts are not in dispute. Wells Fargo is a national banking association that conducts business in Shelby County, Tennessee. Def.'s Statement of Undisputed Facts ¶ 1. On or about February 6, 2008, David Basey ("Basey") executed a Deed of Trust to obtain a purchase money mortgage from Wells Fargo in the amount of Four Hundred Thousand And 00/100 Dollars ($400,000.00) to purchase the property located at 205 Owl's Roost Lane, Cordova, Tennessee, 38018. *Id*. at ¶ 2. The Deed of Trust granted Wells Fargo an unencumbered security interest in the mortgaged

1

property and required that Basey make monthly payments to Wells Fargo in

accordance with a Promissory Note for the amount of the purchase money mortgage plus

interest.  *Id*. at ¶ 3.  Wells Fargo recorded the Deed of Trust with the Shelby County Register of

Deeds on February 20, 2008.  *Id*. at ¶ 4.  Basey stopped making the required monthly payments

in September 2008.  *Id*. at ¶ 5.  As such, Wells Fargo notified Basey that he was in default and

that if he did not cure the default, Wells Fargo would foreclose on the mortgaged property.  *Id*.

After notification of default, Basey provided written authorization to Wells Fargo to release

information regarding the mortgage to Plaintiff Moore.  *Id*. at ¶ 6.  Pursuant to the authorization,

Wells Fargo released information regarding the mortgage to Plaintiff Moore.  *Id*.  Although

Wells Fargo communicated information about Basey's default and the mortgage on the property

to Plaintiff Moore, Wells Fargo never executed or entered into any agreement with Plaintiff

Moore, including a loan agreement, regarding the mortgaged property.  *Id*. at ¶ 7.  Despite

notification of default, Basey failed to cure it.  *Id*. at ¶ 8.  As such, Wells Fargo sent written

notice of foreclosure to Basey and Plaintiff Moore.  *Id.*

    According to Defendant's Motion, Plaintiff filed his petition for injunctive relief in the

Chancery Court for Shelby County on February 26, 2009.  Plaintiff sought to enjoin the

foreclosure of the residential property mentioned above.  The Chancery Court issued a temporary

restraining order to enjoin the foreclosure.  On March 30, 2009, Defendant removed the case to

this Court.  At an initial scheduling conference on July 23, 2009, for which counsel for Plaintiff

failed to appear, counsel for Defendant informed the Magistrate Judge that in June 2009 counsel

for Plaintiff had stated his intention to voluntarily dismiss the case.  At a second scheduling

conference on August 27, 2009, counsel for Plaintiff himself stated to the Magistrate Judge that

2

he intended to file a non-suit in this matter.  To date Plaintiff has not followed through on that intention.

      Defendant argues that summary judgment is appropriate in this case because Plaintiff lacks standing to bring his claim.  Defendant has never entered into any agreement with Plaintiff, including a loan agreement, concerning the mortgaged property which is the subject of the foreclosure.  The borrower of record on this property is Basey, not Plaintiff.  Defendant further contends that if Plaintiff has some interest in the property, his interest is subject to Defendant's purchase money mortgage, which was recorded on February 20, 2008, and has priority.  Defendant has also sought sanctions to be awarded against Plaintiff for misrepresenting to the Court his interest in the mortgaged property.

## STANDARD OF REVIEW

      Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[2]  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must

---

[1] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

present some "specific facts showing that there is a genuine issue for trial."[3]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[4]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[6]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[8]  Finally, the "judge may not make credibility determinations or weigh the evidence."[9]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[10]

---

[3] *Celotex*, 477 U.S. at 324.

[4] *Matsushita*, 475 U.S. at 586.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Id*. at 251-52 (1989).

[7] *Celotex*, 477 U.S. at 322.

[8] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[9] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[10] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

## ANALYSIS

The Court holds that Defendant is entitled to summary judgment as to Plaintiff's claims. The undisputed evidence in the record shows that an individual named David Basey was the mortgagor on the property in question. Contrary to the allegations of his Complaint, Plaintiff had no interest in the property. Per Basey's written authorization, Defendant gave notice to Plaintiff about the pending foreclosure. However, there is no evidence that Plaintiff ever had any contractual relationship with Defendant that would give him standing or the right to bring this action to stop the foreclosure. Therefore, Defendant's Motion for Summary Judgment is **GRANTED**.

As for Defendant's request for sanctions against Plaintiff, "Rule 11 expressly provides the district court with discretion to impose sanctions on a party that is responsible for the rule's violation, provided that the violation is not one for unwarranted legal contentions under Rule 11(b)(2)."[11] The Advisory Committee notes that Rule 11 "permits the court to consider whether. . . the party itself should be held accountable for [his] part in causing a violation" and to "make an additional inquiry in order to determine whether the sanction should be imposed on. . . parties either in addition to or, in unusual circumstances, instead of the person actually making the presentation to the court."[12] The Sixth Circuit has recently noted that courts have generally declined to impose sanctions on represented parties.[13] The Sixth Circuit has upheld the

---

[11] *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 398 (6th Cir. 2009). *See* Fed. R. Civ. P. 11(c)(1) & (c)(5)(A).

[12] Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments).

[13] *Rentz*, 556 F.3d at 398 (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1336.2 (3d ed. 2004) ("Imposing a sanction on the client has met with disfavor.")).

5

imposition of Rule 11 sanctions on parties, along with their attorney, when they misrepresented key facts during their depositions and at trial.[14]

The Court holds that an award of sanctions against Plaintiff Moore alone would not be appropriate under the circumstances. As an initial matter, the Court notes that Plaintiff's counsel has demonstrated a total lack of diligence in prosecuting this case. As early as June 2009, Plaintiff's counsel had indicated that Plaintiff would seek a voluntary dismissal of this matter. Not only has Plaintiff's counsel failed to take any action to dismiss the case, but Plaintiff's counsel has never responded to the Motion now before the Court. This lack of diligence has greatly delayed the resolution of the case, resulting in unnecessary expense to Defendant. Nevertheless, Defendant has not sought sanctions against Plaintiff's counsel.

Instead, Defendant seeks a monetary sanction against Plaintiff only. The Court concludes that such a sanction is not warranted. First, Plaintiff was represented at all times. As a general matter, sanctions are disfavored against a represented party. Second, the Court finds that Plaintiff has not made any independent misrepresentation to the Court. Defendant admits that the only representations made to the Court on Plaintiff's behalf were the allegations of the Complaint, which was signed by counsel and not Plaintiff. There is no record that Plaintiff was ever deposed or made any other representations in this case. Defendant has failed to cite any authority for imposing a sanction against a party alone simply for the contents of pleadings prepared by counsel. Therefore, Defendant's request for sanctions is **DENIED**.

---

[14] *Union Planters Bank v. L & J Dev. Co.,* 115 F.3d 378, 384-85 (6th Cir.1997).

## <u>CONCLUSION</u>

Defendant's Motion for Summary Judgment is **GRANTED**.  Defendant's request for

Rule 11 sanctions is **DENIED**.

**IT IS SO ORDERED**.

> **s/ S. Thomas Anderson**
> S. THOMAS ANDERSON
> UNITED STATES DISTRICT JUDGE
>
> Date: December 1st, 2009.

7